UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH REEVES,<br><br>          Plaintiff,<br><br>    v.<br><br>COUNTY OF MERCER, et al.,<br><br>          Defendants. | Civil Action No. 21-14602 (FLW)<br><br>MEMORANDUM OPINION<br>& ORDER |

      This matter has been opened to the Court by Plaintiff Joseph Reeves' filing of a civil Complaint alleging violations of his civil rights. The Court previously granted his application to proceed *in forma pauperis*. *See* ECF No. 2.

      Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

Plaintiff alleges that on September 29, 2019, he was followed by Trenton Police Officer Erik Mancheno ("Officer Mancheno") to a car lot. Complaint at ¶ 23. Officer Mancheno was in plain clothes and was joined by Trenton Police Officer Chaz Casen, who was in a police uniform and wearing a body camera. *Id.* Plaintiff alleges that he was on his brother's private property when Officer Mancheno drew his weapon and shot Plaintiff six times. *Id.* at ¶¶ 24, 27.

In the subsequent criminal complaint against Plaintiff, Officer Mancheno claimed that Plaintiff drew a firearm, but Plaintiff alleges that this is untrue. *Id.* Plaintiff further alleges that Officer Mancheno or a John Doe Defendant planted a firearm in a vehicle.[1] *Id.* at ¶ 25. Plaintiff further alleges that Officer Mancheno was high on controlled substances when he shot Plaintiff. *Id.* Plaintiff also alleges Officer Mancheno made false allegations in the criminal complaint and claimed that he "radioed in" the fact that he was following Plaintiff prior to the shooting. *Id.* at ¶ 26. Plaintiff alleges that the shooting was without provocation or warning. *Id.*

Plaintiff was indicted on criminal charges[2] and Plaintiff's criminal attorney sought discovery, including audio transmissions, Defendant Casen's body camera video, other surveillance video, and internal affairs reports about the shooting, "to no avail." *Id.* at ¶ 28. Plaintiff alleges that this discovery will show that the Defendants fabricated evidence. *Id.*

---

[1] It is not clear if the vehicle belonged to Plaintiff.

[2] Plaintiff provides the initial indictment number and the name of his attorney. This information is also available on New Jersey's Promis/Gavel system. The Promis/Gavel system is an automated criminal case tracking system that captures information concerning defendants who have been charged with criminal offenses and tracks the processing of those defendants from initial arrest through appellate review. A search of that system indicates that Plaintiff pleaded guilty to superseding indictment #20-10-30 on or about November 12, 2021, which included charges for aggravated assault with a firearm, in violation of N.J.S.A. 2C:12-1B(4), and was sentenced on January 14, 2022. *See* New Jersey Courts Public Access System, https://portal.njcourts.gov/webe41/ExternalPGPA/ (last visited December 15, 2022).

Plaintiff further alleges that the County of Mercer, the Mercer County Prosecutor's Office, Prosecutor Angelo Onofrio, Assistant Prosecutor John Boyle, Assistant Prosecutor Michael Nardelli, Assistant Prosecutor Kathleen Petrucci have a policy, practice, or custom of failing to investigate and prosecute civil rights violations by police officers. *Id.* at ¶ 29. This policy or custom has gone on for many years and police officers do not believe they will be punished for misconduct. *Id.*

According to Plaintiff, these Defendants along with the Trenton Police Department and Police Chief Sheilah Coley have a policy or custom of inadequate training and/or supervision. Plaintiff specifically alleges that the Defendants have failed to train police officers and prosecutors <u>not to</u> engage in a code of silence or "blue code," provide untruthful information, or impede the investigation of constitutional violations committed by other police officers or assistant prosecutors. *Id.* at ¶ 30. Due to the alleged policy or custom of inadequate training and supervision, assistant prosecutors, police officers, and detectives believe their actions will not be monitored and their misconduct will not be investigated or sanctioned and instead will be tolerated. *Id.* ¶ 31.

Plaintiff states that County of Mercer, the Mercer County Prosecutor's Office, Prosecutor Onofrio, Assistant Prosecutor Boyle, Assistant Prosecutor Nardelli, Assistant Prosecutor Petrucci, Trenton Police Department, and Police Chief Coley also have a history of civil rights violations, and his Complaint references the docket numbers for civil rights litigation from 1995-2018. *Id.* at ¶ 34.

Plaintiff alleges Assistant Prosecutor Boyle and Detective Patelle were present when Officer Mancheno's blood was drawn by a nurse. *Id.* at ¶ 32. Plaintiff alleges that these Defendants purposefully wrote Plaintiff's names on the tubes of blood in order to alter evidence

3

and hide Defendant Mancheno's substance abuse problems. *Id.* Plaintiff also alleges that Detective Nancy Diaz, Detective Scott Rich, Detective Harrison Steimle, and Detective Jeffrey Vetter lied in statements made to the State Police and to Internal Affairs about the officer-involved shooting. *Id.* ¶ 33.

The Complaint raises numerous counts for relief, and the Court liberally construes Plaintiff to allege civil rights claims pursuant to 42 U.S.C. § 1983 and the New Jersey Civil Rights Act ("NJCRA"),[3] as well as various claims under state law.

The Court begins with Plaintiff's Fourth Amendment and NJCRA claim for excessive force. An excessive force claim under § 1983 arising out of law enforcement conduct is based on the Fourth Amendment's protection from unreasonable seizures of the person. *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Graham v. Connor*, 490 U.S. 386, 394–95, (1989)). The Supreme Court has explicitly held that "all claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *Id.* at 395 (emphasis in original). At this time, the Court will proceed the Fourth Amendment and NJCRA excessive force claims against Defendant Officer Mancheno for allegedly shooting Plaintiff six times without cause. Because Plaintiff does not allege that any other Defendants used excessive force against him, and liability for excessive force may not be based on *respondeat superior*, *see*

---

[3] The NJCRA was modeled after 42 U.S.C. § 1983, and creates a private cause of action for violations of civil rights secured under the New Jersey Constitution. *See Trafton v. City of Woodbury*, 799 F. Supp.2d 417, 443 (D.N.J. 2011). Because NJCRA and § 1983 claims are routinely treated as analogous, the Court considers them together. *See id.* (collecting cases).

*Ashcroft v. Iqbal*, 556 U.S. 676 (2009), the Fourth Amendment and NJCRA excessive force claims are dismissed without prejudice against the remaining Defendants.

The Court also construes Plaintiff to assert § 1983 and NJCRA claims for malicious prosecution. The elements of a malicious prosecution claim are as follows: (1) defendant commenced a criminal proceeding; (2) the proceeding terminated in plaintiff's favor; (3) defendant "initiated the proceeding without probable cause;" (4) defendant acted maliciously or with a purpose apart from bringing plaintiff to justice; and (5) plaintiff "suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Johnson v. Knorr*, 477 F.3d 75, 81–82 (3d Cir. 2007). Plaintiff has not provided any facts to suggest that the proceeding has terminated in his favor, *i.e.*, that the charges against Plaintiff have been dismissed. As such, Plaintiff does not state a claim for malicious prosecution. Moreover, the claim is premature and does not accrue until the pending criminal proceedings terminate in his favor. *Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) (explaining that "the statute of limitations [on a malicious prosecution claim] begins to accrue when the termination of criminal proceedings becomes favorable"). As such, the malicious prosecution claims are dismissed without prejudice as to all Defendants.

Plaintiff also alleges fabrication of evidence claims against several defendants. That type of claim, however, also requires Plaintiff to allege that the criminal proceedings terminated in his favor, which he has not done. *See McDonough v. Smith*, 139 S.Ct. 2149, 2156 (2019) (explaining that "McDonough could not bring his fabricated-evidence claim under § 1983 prior to favorable termination of his prosecution"). Because Plaintiff has not alleged favorable

termination of his criminal proceedings, the Court dismisses without prejudice his § 1983 and NJCRA fabrication of evidence claims on this basis as to all Defendants.[4]

Plaintiff also attempts to bring claims against the County of Mercer, the Mercer County Prosecutor's Office, Prosecutor Onofrio, Assistant Prosecutor Boyle, Assistant Prosecutor Nardelli, Assistant Prosecutor Petrucci, Trenton Police Department, and Police Chief Coley based on their policies or customs that allegedly led to the fabrication of evidence. In *Monell v. Department of Social Services*, 436 U.S. 658, 694–95 (1978), the Supreme Court held a plaintiff must prove the existence of a policy or custom that has resulted in a constitutional violation in order to make a municipality liable under § 1983. A municipality cannot be held liable under § 1983 on a *respondeat superior* theory. *Id.* at 691. Under Third Circuit law, when a plaintiff brings a complaint under *Monell* against a municipality, the specific offending custom, policy, or practice must be pleaded in the complaint. *See McTernan v. City of York*, 564 F.3d 636, 638 (3d Cir. 2009) ("To satisfy the pleading standard, [a plaintiff] must identify a custom or policy and

---

[4] The Court also notes that "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (applying *Heck* doctrine to claims involving monetary damages as well as those seeking equitable and declaratory relief). Thus, to the extent Plaintiff has a criminal conviction arising from the evidence he alleges was fabricated, and success on his fabrication of evidence claims would necessarily impugn the validity of that conviction, his fabrication of evidence claims would also be barred by *Heck* unless and until his conviction is set aside. *See Ortiz v. New Jersey State Police*, 747 F. App'x 73, 77 (3d Cir. 2018) ("Ortiz's claims that the defendants fabricated and suppressed evidence are barred by *Heck* because success on those claims would necessarily imply the invalidity of her conviction."); *Floyd v. Attorney Gen. of Pennsylvania*, 722 F. App'x 112, 114 (3d Cir. 2018) (per curiam) ("Because [plaintiff's] malicious prosecution and fabrication of evidence claims do not accrue until the criminal proceedings have terminated in Floyd's favor, and Floyd has not demonstrated as much, they are barred by *Heck*.").

specify what exactly that custom or policy was.") (citing *Philips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)).  In addition, a plaintiff must also allege that the policy or custom was the "proximate cause" of his injuries, *see Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996), "by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation he alleges.  *See id.* (citing *Bielevicz v. Dubinon*, 915 F.2d 845, 851 (3d Cir. 1990)).  At the pleading stage, this generally requires some facts that tend to show that policymakers were aware of similar unlawful conduct in the past, but failed to take precautions against future violations, and that this failure, at least in part, led to the injuries in question.  *See id.*

To the extent Plaintiff seeks to bring claims for relief pursuant to *Monell*, *supra*, such claims fail where there is no underlying constitutional violation.  *See Angeles v. Heller*, 475 U.S. 796, 799 (1986); *see also Stephens v. City of Englewood*, 689 F. App'x. 710, 713 (3d Cir. 2017) (affirming district court's dismissal of *Monell* claims against the police department and city where Plaintiffs failed to establish an underlying constitutional violation against the individual defendant-detective); *Johnson v. City of Phila.*, 837 F.3d 343, 354 (3d Cir. 2016) (citing *Grazier ex rel. White v. City of Phila.*, 328 F.3d 120, 124 (3d Cir. 2003)) (holding that a *Monell* claim is not cognizable absent an underlying constitutional violation).  Here, Plaintiff's fails to state malicious prosecution or fabrication of evidence claims against any of the individual Defendants because he fails to allege favorable termination of his criminal case; as such, his *Monell* claims based on the policies or customs that led to the alleged malicious prosecution and/or fabrication of evidence are likewise subject to dismissal without prejudice at this time.[5]  To the extent

---

[5] The Court notes that Plaintiff has sued the Trenton Police Department, but this entity is not a proper defendant under § 1983 or the NJCRA.  In § 1983 actions, "police departments cannot be sued in conjunction with municipalities, because the police department is merely an

7

Plaintiff seeks to hold Prosecutor Onofrio, Assistant Prosecutor Boyle, Assistant Prosecutor Nardelli, Assistant Prosecutor Petrucci, and Police Chief Coley personally liable as supervisors, his claims against them fail on the same basis.

In this regard, the Court notes that Plaintiff does not sufficiently allege a *Monell* claim regarding the use of excessive force by Trenton police officers. As such, the Court does not construe a *Monell* claim regarding the use of excessive force by Trenton police officers, and any such claim would be subject to dismissal without prejudice as Plaintiff has not provided any facts to support such a claim.

Plaintiff also states in passing that he is a victim of racial discrimination. The Fourteenth Amendment's Equal Protection Clause provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV § 1. Equal protection of the law requires that all persons similarly situated should be treated alike. *City of Cleburne. Texas v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)); *Artway v. Attorney General of New Jersey*, 81 F.3d 1235, 1267 (3d Cir. 1996). Plaintiff alleges in a conclusory manner that he was the victim of discrimination, but provides no other facts in support of his equal protection claim. As such, this claim is dismissed without prejudice as to all Defendants.

Plaintiff's Complaint also includes counts for relief for violations of the First Amendment right to free speech, Sixth Amendment right to counsel, and Eighth Amendment right to be free of cruel and unusual punishment, and Fourteenth Amendment right to due process of law. His

---

administrative arm of the local municipality, and is not a separate judicial entity." *Padilla v. Township of Cherry Hill*, 110 F. App'x. 272, 278 (3d Cir. 2004). The Court therefore dismisses with prejudice the § 1983 and NJCRA claims against the Trenton Police Department.

Complaint, however, does not provide facts to suggest that Plaintiff's First, Sixth, Eighth, or Fourteenth Amendment rights were violated. As such, these claims are also dismissed without prejudice as to all Defendants.

The Court next addresses the state law tort claims. "Tort claims generally . . . are governed by the TCA when brought against the State, public entities, and public employees." *Nieves v. Office of the Public Defender*, 241 N.J. 567, 579 (N.J., 2020). In Count twelve, Plaintiff cites to N.J.S.A. 59:2-10, a provision of the New Jersey Tort Claims Act ("NJTCA"), which provides as follows: "A public entity <u>is not liable</u> for the acts or omissions of a public employee constituting a crime, actual fraud, actual malice, or willful misconduct." (Emphasis added). The NJTCA modifies the doctrine of sovereign immunity and establishes the parameters within which an injured party may recover for the tortious acts of public entities and employees. F*einberg v. Dep't of Envt'l Protection*, 137 N.J. 126, 133 (1994). This provision of the NJTCA, however, insulates public entities from liability for such willful and wanton employee misconduct. It is not clear what claim Plaintiff is attempting to bring here, and the Court dismisses this claim without prejudice as to all Defendants.

Plaintiff also asserts claims for negligence and gross negligence under the NJTCA.[6] In New Jersey, the elements of a cause of action for negligence are (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty; (3) proximate cause; and (4) actual damages. *Polzo v. County of Essex*, 196 N.J. 569, 584, 960 A.2d 375 (2008). The Court will permit the gross negligence and negligence claims to proceed against Defendant Officer Mancheno and his entity employer, the Trenton Police Department, in connection with the shooting. The

---

[6] "Tort claims generally . . . are governed by the TCA when brought against the State, public entities, and public employees." *Nieves v. Office of the Public Defender*, 230 A.3d 227, 235, 241 N.J. 567, 579 (N.J., 2020)

negligence claims are dismissed without prejudice against the remaining Defendants, as Plaintiff has not provided sufficient facts showing that the other misconduct alleged resulted from either gross negligence or negligence.

The remaining state law claims in the Complaint assert claims for fabricating evidence in violation of N.J.S.A. § 2C:28:6-5.1 (Count 16), and reckless endangerment in violation of N.J.S.A. § 2C:12-2 (Count 13). These criminal statutes do not provide a private cause of action, and these claims are dismissed with prejudice as to all Defendants. *See, e.g., Alexander v. Sandoval*, 532 U.S. 275, 289 (2001) ("Statutes that focus on the person to be regulated rather than the individuals protected create no implication of an intent to confer rights on a particular class of persons.").

**IT IS** therefore on this 15th day of December 2022,

**ORDERED** that the Fourth Amendment and NJCRA claims for excessive force against Erik Mancheno shall PROCEED at this time; and it is further

**ORDERED** that the state law gross negligence and negligence claims against Erik Mancheno and his entity employer, the Trenton Police Department, shall also PROCEED at this time; and it is further

**ORDERED** that the remaining claims and Defendants are dismissed pursuant to 28 U.S.C. 1915(e)(2)(B) for failure to state a claim for relief; and it is further

**ORDERED** that the Clerk of the Court shall provide Plaintiff with a copies of the USM-285 forms for Erik Mancheno and the Trenton Police Department; and it is further

**ORDERED** that Plaintiff shall complete the USM-285 forms for Erik Mancheno and the Trenton Police Department and return them to the Clerk of Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608 within 30 days; and it is further

**ORDERED** that upon Plaintiff's sending of the completed forms to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the Complaint, summons, and this Order upon Defendants pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

**ORDERED** that Defendants shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendants, Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service;[7] and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with copies of this Memorandum & Order via regular mail.

    s/Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge

---

[7] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.