CITY OF TRENTON DEPARTMENT OF LAW
A. WESLEY BRIDGES, CITY ATTORNEY
319 East State Street, Room 300
Trenton, New Jersey 08608
(609) 989-3011 (telephone)
By: Marco Di Stefano, Assistant City Attorney
Attorney ID 243712017
*Attorneys for Defendant(s)* Trenton Police Department, Trenton
Police Chief Sheilah Coley, Detective-Sergeant-Nancy Diaz-Badge#
803, Detective-Scott Rich-Badge# 833, Detective Erik Mancheno-
Badge# 210, Detective-Harrison Steimle-Badge# unknown,
Detective-Jeffrey Vetter-Badge# unknown, Detective-David
Petelle-Badge# unknown, Detective-Patrick Holt-Badge# unknown, &
Police Officer-Chaz Cason-Badge# unknown

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSEPH REEVES<br><br>                Plaintiff,<br>v.<br><br>COUNTY OF MERCER; MERCER COUNTY PROSECUTOR'S OFFICE; PROSECUTOR-ANGELO ONOFRI; ASSISTANT PROSECUTOR-JOHN BOYLE; ASSISTANT PROSECUTOR-MICHAEL NARDELLI; ASSISTANT PROSECUTOR-KATHLEEN PETRUCCI; TRENTON POLICE DEPARTMENT; TRENTON POLICE CHIEF-SHEILAH COLEY; DETECTIVE SERGEANT-NANCY DIAZ-BADGE# 803; DETECTIVE-SCOTT RICH-BADGE# 833; DETECTIVE ERIK MANCHENO-BADGE# 210; DETECTIVE-HARRISON STEIMLE-BADGE# UNKNOWN; DETECTIVE-JEFFREY VETTER-BADGE# UNKNOWN; DETECTIVE-DAVID PETELLE-BADGE# UNKNOWN; DETECTIVE-PATRICK HOLT-BADGE# UNKNOWN; POLICE OFFICER-CHAZ CASON-BADGE# UNKNOWN; DETECTIVE(S)-JANE/JOHN DOE(S) 1 THROUGH 20 - BADGE#'S UNKNOWN; TRENTON POLICE OFFICER(S) | Civil Action No.:<br><br>3:22-cv-01142-FLW-TJB<br><br><br>**ANSWER TO COMPLAINT, SEPARATE DEFENSE AND JURY DEMAND** |

- JANE/JOHN DOE(S) 1 THROUGH 20 –
BADGE#'S UNKNOWN;

Defendants.

Defendant, City of Trenton (wrongfully plead as the "Trenton Police Department"), is a municipal corporation, with its principal offices located at 319 East State Street, City of Trenton, County of Mercer, and State of New Jersey, and Defendants Trenton Police Chief Sheilah Coley, Detective-Sergeant-Nancy Diaz-Badge# 803, Detective-Scott Rich-Badge# 833, Detective Erik Mancheno-Badge# 210, Detective-Harrison Steimle-Badge# unknown, Detective-Jeffrey Vetter-Badge# unknown, Detective-David Petelle-Badge# unknown, Detective-Patrick Holt-Badge# unknown, & Police Officer-Chaz Cason-Badge# unknown are employees of the City of Trenton, by way of Answer to the Complaint says:

## I.  **JURISDICTION & VENUE**

1.  Defendants deny the allegations contained in this Paragraph of the Complaint insofar as they call for a legal conclusion

2

2.    Defendants deny the allegations contained in this Paragraph of the Complaint insofar as they call for a legal conclusion.

## II.    **PARTIES**

3.    Insufficient knowledge upon which to form a belief as to the truth of the allegations in this Paragraph of the Complaint and therefore leave Plaintiff to his strict proofs at time of trial.

4.    Insufficient knowledge upon which to form a belief as to the truth of the allegations in this Paragraph of the Complaint and therefore leave Plaintiff to his strict proofs at time of trial.

5.    Insufficient knowledge upon which to form a belief as to the truth of the allegations in this Paragraph of the Complaint and therefore leave Plaintiff to his strict proofs at time of trial.

6.    Insufficient knowledge upon which to form a belief as to the truth of the allegations in this Paragraph of the Complaint and therefore leave Plaintiff to his strict proofs at time of trial.

7.    Insufficient knowledge upon which to form a belief as to the truth of the allegations in this Paragraph of the Complaint

and therefore leave Plaintiff to his strict proofs at time of trial.

8.   Insufficient knowledge upon which to form a belief as to the truth of the allegations in this Paragraph of the Complaint and therefore leave Plaintiff to his strict proofs at time of trial.

9.   Insufficient knowledge upon which to form a belief as to the truth of the allegations in this Paragraph of the Complaint and therefore leave Plaintiff to his strict proofs at time of trial.

10.   Insufficient knowledge upon which to form a belief as to the truth of the allegations in this Paragraph of the Complaint and therefore leave Plaintiff to his strict proofs at time of trial.

11.   Insufficient knowledge upon which to form a belief as to the truth of the allegations in this Paragraph of the Complaint and therefore leave Plaintiff to his strict proofs at time of trial.

12.   Insufficient knowledge upon which to form a belief as to the truth of the allegations in this Paragraph of the Complaint and therefore leave Plaintiff to his strict proofs at time of trial.

13.   Insufficient knowledge upon which to form a belief as to the truth of the allegations in this Paragraph of the Complaint

and therefore leave Plaintiff to his strict proofs at time of trial.

14.    Insufficient knowledge upon which to form a belief as to the truth of the allegations in this Paragraph of the Complaint and therefore leave Plaintiff to his strict proofs at time of trial.

15.    Insufficient knowledge upon which to form a belief as to the truth of the allegations in this Paragraph of the Complaint and therefore leave Plaintiff to his strict proofs at time of trial.

16.    Insufficient knowledge upon which to form a belief as to the truth of the allegations in this Paragraph of the Complaint and therefore leave Plaintiff to his strict proofs at time of trial.

17.    Insufficient knowledge upon which to form a belief as to the truth of the allegations in this Paragraph of the Complaint and therefore leave Plaintiff to his strict proofs at time of trial.

18.    Insufficient knowledge upon which to form a belief as to the truth of the allegations in this Paragraph of the Complaint and therefore leave Plaintiff to his strict proofs at time of trial.

19.    Insufficient knowledge upon which to form a belief as to the truth of the allegations in this Paragraph of the Complaint

5

and therefore leave Plaintiff to his strict proofs at time of trial.

20.  Insufficient knowledge upon which to form a belief as to the truth of the allegations in this Paragraph of the Complaint and therefore leave Plaintiff to his strict proofs at time of trial.

21.  Insufficient knowledge upon which to form a belief as to the truth of the allegations in this Paragraph of the Complaint and therefore leave Plaintiff to his strict proofs at time of trial.

22.  Insufficient knowledge upon which to form a belief as to the truth of the allegations in this Paragraph of the Complaint and therefore leave Plaintiff to his strict proofs at time of trial.

## III.  **Facts**

23.  Defendants deny the allegations contained in this Paragraph of the Complaint.

24.  Defendants deny the allegations contained in this Paragraph of the Complaint.

25.  Defendants deny the allegations contained in this Paragraph of the Complaint.

26.  Defendants deny the allegations contained in this Paragraph of the Complaint.

6

27.  Defendants deny the allegations contained in this Paragraph of the Complaint.

28.  Defendants deny the allegations contained in this Paragraph of the Complaint.

29.  Defendants deny the allegations contained in this Paragraph of the Complaint.

30.  Defendants deny the allegations contained in this Paragraph of the Complaint.

31.  Defendants deny the allegations contained in this Paragraph of the Complaint.

32.  Defendants deny the allegations contained in this Paragraph of the Complaint.

33.  Defendants deny the allegations contained in this Paragraph of the Complaint.

34.  Defendants deny the allegations contained in this Paragraph of the Complaint.

## IV.   **EXHAUSTION OF LEGAL REMEDIES**

35.  Defendants deny the allegations contained in this Paragraph of the Complaint insofar as they call for a legal conclusion.

## V.    **LEGAL CLAIMS**

35.  Defendants deny the allegations contained in this Paragraph of the Complaint insofar as they call for a legal conclusion.

36.  Defendants deny the allegations contained in this Paragraph of the Complaint insofar as they call for a legal conclusion.

37.  Defendants deny the allegations contained in this Paragraph of the Complaint insofar as they call for a legal conclusion.

38.  Defendants deny the allegations contained in this Paragraph of the Complaint insofar as they call for a legal conclusion.

39.  Defendants deny the allegations contained in this Paragraph of the Complaint insofar as they call for a legal conclusion.

40.  Defendants deny the allegations contained in this Paragraph of the Complaint insofar as they call for a legal conclusion.

41.  Defendants deny the allegations contained in this Paragraph of the Complaint insofar as they call for a legal conclusion.

42. Defendants deny the allegations contained in this Paragraph of the Complaint insofar as they call for a legal conclusion.

43. Defendants deny the allegations contained in this Paragraph of the Complaint insofar as they call for a legal conclusion.

44. Defendants deny the allegations contained in this Paragraph of the Complaint insofar as they call for a legal conclusion.

45. Defendants deny the allegations contained in this Paragraph of the Complaint insofar as they call for a legal conclusion.

46. Defendants deny the allegations contained in this Paragraph of the Complaint insofar as they call for a legal conclusion.

47. Defendants deny the allegations contained in this Paragraph of the Complaint insofar as they call for a legal conclusion.

48. Defendants deny the allegations contained in this Paragraph of the Complaint insofar as they call for a legal conclusion.

49.  Defendants deny the allegations contained in this Paragraph of the Complaint insofar as they call for a legal conclusion.

50.  Defendants deny the allegations contained in this Paragraph of the Complaint insofar as they call for a legal conclusion.

51.  Defendants deny the allegations contained in this Paragraph of the Complaint insofar as they call for a legal conclusion.

52.  Defendants deny the allegations contained in this Paragraph of the Complaint insofar as they call for a legal conclusion.

## VI.  **PRAYER FOR RELIEF**

53.  Defendants deny the allegations contained in this Paragraph of the Complaint insofar as they call for a legal conclusion.

54.  Defendants deny the allegations contained in this Paragraph of the Complaint insofar as they call for a legal conclusion.

55.  Defendants deny the allegations contained in this Paragraph of the Complaint insofar as they call for a legal conclusion.

56. Defendants deny the allegations contained in this Paragraph of the Complaint insofar as they call for a legal conclusion.

57. Defendants deny the allegations contained in this Paragraph of the Complaint insofar as they call for a legal conclusion.

58. Defendants deny the allegations contained in this Paragraph of the Complaint insofar as they call for a legal conclusion.

WHEREFORE, Defendants demand judgement in their favor, dismissing the Complaint with prejudice and without costs against the Defendants, awarding Defendants attorneys' fees and costs, and awarding Defendants such other and further relief as the Court deems proper.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff claims as set forth in the Complaint should be dismissed by this Court for want of subject matter jurisdiction.

### THIRD AFFIRMATIVE DEFENSE

No conduct on the part of the Defendants was the proximate cause of any injury or damage allegedly suffered by Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint must be dismissed because at all times relevant hereto Defendants acted properly and within the scope of their respective duties and responsibilities.

### FIFTH AFFIRMATIVE DEFENSE

Any and all injuries and damages allegedly sustained by Plaintiff was the result of actions of third parties over whom the Defendants had no control, and/or the negligence of Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

Defendants violated no duty owed to Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff so acted at the time and place alleged as to assume the risks of their conduct.

### EIGHTH AFFIRMATIVE DEFENSE

The incident and/or damages alleged were not proximately caused or contributed to by any action or in action by Defendants.

**NINTH AFFIRMATIVE DEFENSE**

Any action taken by Defendants was in the nature of a discretionary activity within the meaning of the New Jersey Tort Claim Act, N.J.S.A 59:2-3 and accordingly, no liability may be imposed upon Defendants.

**TENTH AFFIRMATIVE DEFENSE**

The alleged cause of action is barred by the provisions of N.J.S.A. 59:1-1. et seq., the New Jersey Tort Claims Act ("NJTCA") for failure to file timely a Notice of Tort Claim.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the provisions of the NJTCA, N.J.S.A. 59:1-1, et seq., or, in the alternative is subject to all limitations and defenses of the NJTCA including, but not limited to, N.J.S.A. 59: 5-2.

**TWELVETH AFFIRMATIVE DEFENSE**

Defendants deny that they are guilty of an award of damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by their failure to mitigate damages.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, by the doctrine of laches, waiver and judicial estoppel.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The claims asserted by Plaintiff is barred in whole or in part by the applicable Statute of Limitations.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendants deny that they are guilty of any conduct that would merit an award of punitive damages.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

At all times relevant to this matter, Defendants acted in good faith and complied with all applicable laws, regulations, and standards.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendants owed no duty and breached no duty, obligation or standard allegedly owed to Plaintiff.

**NINETEENTH AFFIRMATIVE DEFENSE**

All actions of the Defendants were reasonable, proper, and illegal.

**TWENTIETH AFFIRMATIVE DEFENSE**

14

The allegations contained in the Third Amended Complaint are known to Plaintiff to be frivolous and without legal basis whatsoever and as such, said Third Amended Complaint should be stricken.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Any claim for punitive damages is barred by Plaintiff failure to comply with the New Jersey Punitive Damages Act, N.J.S.A. 2A:15-9, et seq.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants are entitled to qualified immunity because their conduct at all times in dealing with the Plaintiff was objectively reasonable.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants are not liable under *respondeat superior* or vicarious liability under Monell v N.Y. City Dep't of Soc.Servs. 436 U.S. 658, 692 (1978), neither an entity nor a supervisory individual may be responsible for a civil rights violation through the doctrine of *respondeat superior.*

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants assert that there has no violation of any Plaintiff's rights pursuant to 42 U.S.C. 1983 rights, N.J.

Constitution of the New Jersey Civil Rights Act <u>N.J.S.A.</u> 10:1-1 et seq.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff has not been deprived of any rights guaranteed under the Constitution and laws of the United States or State of New Jersey by the alleged act or omission of Defendants.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendants did not know, and were not reasonably expected to know, that any action taken by them with respect to Plaintiff was in violation of Plaintiff's Constitutional or common law rights and accordingly Defendants are immune from the imposition of monetary damages.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants acted within the scope of their authority and are entitled to protection under qualified, governmental, and sovereign immunity.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, were proximately caused by Plaintiff's negligence and Plaintiff, contributed to the happening of the occurrence and therefore barred and subject to diminution pursuant to the doctrine of comparative negligence.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Defendants are not liable pursuant to the provisions of the NJTCA including, but not limited to, N.J.S.A. 59:2-1, N.J.S.A. 59:2-2, N.J.S.A. 59:2-3 and/or N.J.S.A. 59:2-4.

**THIRTIETH AFFIRMATIVE DEFENSE**

Defendants are not liable pursuant to the provisions of the NJTCA including, but not limited to, N.J.S.A. 59:2-10.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Defendants are not liable pursuant to the provisions of the NJTCA including, but not limited to, N.J.S.A. 59:3-1 and N.J.S.A. 59:3-2.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

Defendants are not liable pursuant to the provisions of the NJTCA including, but not limited to, N.J.S.A. 59:3-3 and N.J.S.A. 59:3-4, N.J.S.A. 59:3-5.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

Defendants are not liable pursuant to the provisions of the NJTCA including, but not limited to, N.J.S.A. 59:3-14.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

Defendants are not liable pursuant to the provisions of the NJTCA including, but not limited to, N.J.S.A. 59:5-1, N.J.S.A. 59:5-2, AND N.J.S.A. 59:5-4.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Defendants are not liable pursuant to the provisions of the NJTCA including, but not limited to, N.J.S.A. 59:6-2, N.J.S.A. 59:6-4, N.J.S.A. 59:6-5.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Defendants are entitled to immunity under the provisions of the NJTCA including, but not limited to, N.J.S.A. 59:8-1, N.J.S.A. 59:8-3, N.J.S.A. 59:8-4, N.J.S.A. 59:8-5, N.J.S.A. 59:8-6, N.J.S.A. 59:8-9.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injured and damages (if any), and Defendants' liability (if any), are limited under the provisions of the NJTCA including, but not limited to, N.J.S.A. 59:9-2 and N.J.S.A. 59:9-3.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants did not violate of any constitutional right(s) or statute(s) claimed by Plaintiff.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Defendants deny that they were in any way negligent.

### FORTIETH AFFIRMATIVE DEFENSE

No interest shall accrue prior to the entry of judgement against a public entity or a public employee. <u>N.J.S.A.</u> 59:9-2(a).

**FORTY-FIRST AFFIRMATIVE DEFENSE**

This action is subject to the limitations set forth in <u>N.J.S.A.</u> 59:9-4 and in <u>N.J.S.A.</u> 59:9-5 with respect to alleged damages and fees.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

Defendants assert that the claim for punitive damages is made in bad faith, and solely for the purposes of harassment, delay or malicious injury and, therefore, seek any and all remedies available under the statute for frivolous pleadings with regards to any claims for reckless conduct or seeking punitive damages pursuant to in <u>N.J.S.A.</u> 2A:15-59.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims for punitive damages is in violation of the United States Constitution and New Jersey Civil Rights Act, in <u>N.J.S.A.</u> 1:1-1, et seq, thus, Plaintiff cannot recover damages against Defendants.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

There were no acts of deliberate indifference on the part of the Defendants.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

The imposition of punitive damages against this Defendant would violate its rights under N.J.S.A. 2A:58C-5, N.J.S.A. 2A:15-5.12, et seq. the Fifth, Eighth, and Fourteenth Amendment to the U.S. Constitution, and/ or the common law and public policy of New Jersey and thus should be barred.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to maintain this action for wrongful death under N.J.S.A. 2A:31-1, et seq.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's recovery of pecuniary damages against this Defendant is barred pursuant to N.J.S.A. 2A:31-4.

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

Defendants reserve the right to supplement and amend this Answer by asserting such defenses as further investigation reveals to be necessary and appropriate.

**FORTY-NINTH AFFIRMATIVE DEFENSE**

Defendants plead the doctrine of collateral estoppel.

**FIFTIETH AFFIRMATIVE DEFENSE**

Defendants plead the doctrine of proper arrest.

**FIFTY-FIRST AFFIRMATIVE DEFENSE**

Defendants plead the doctrine of proper force.

20

**FIFTY-SECOND AFFIRMATIVE DEFENSE**

Defendants plead the doctrine of probable cause.

**RESERVATION OF DEFENSES**

Defendants reserve the right to interpose such other separate defenses as continuing investigation and discovery may indicate.

**THE CITY OF TRENTON DEPARTMENT OF LAW**
*Attorneys for Defendants*

Wesley Bridges, Esq. (032422003)
Marco Di Stefano, Esq. (243712017)
319 East State Street, Room 300
Trenton, New Jersey 08611
Phone: (609) 989-3011

Dated:   February 14, 2023

**JURY DEMAND**

Pursuant to <u>Fed. R. Civ. P.</u> 38(b) these particular Defendants demand a trial by jury consisting of twelve (12) members on all issues.

**DEMAND FOR STATEMENT OF DAMAGES**

Pursuant to <u>L. Civ. R.</u> 8.1 these Defendants demand that the Plaintiff serve upon it a statement of damages itemizing

21

each item of damages and providing the means of calculation for each.

## CERTIFICATION CONCERNING ENTIRE CONTROVERSY

Pursuant to L. Civ. R. 11.2 I hereby certify that the matter in controversy in the within Complaint is not the subject of any other action pending in any Court of any pending arbitration proceeding nor in any such proceeding contemplated at this time by Defendants.

## DESIGNATION OF TRIAL COUNSEL

The Court is advised that Wesley Bridges, Esquire and Marco Di Stefano, Esquire are hereby designated as co-counsel of record on behalf of Defendants.

## CERTIFICATION AS TO FED. R. CIV. P. 5.2

It is hereby certified that confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future, in accordance with Fed. R. Civ. P. 5.2.

## CERTIFICATION

The undersigned attorney hereby certifies that the within Answer was filed and served pursuant to Fed. R. Civ. P. 4, as extended.

22

**THE CITY OF TRENTON DEPARTMENT OF LAW**
*Attorneys for Defendants*

Wesley Bridges, Esq. (032422003)
Marco Di Stefano, Esq. (243712017)
319 East State Street, Room 300
Trenton, New Jersey 08611
Phone: (609) 989-3011

Dated:  February 14, 2023